**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON** : | |
| : | No. _____ |
| **Plaintiff** : | |
| : | |
| v. : | |
| **FIELD TEAM 6** : | |
| : | |
| **Defendant.** : | |

### COMPLAINT:

Plaintiff, James Everett Shelton, brings this action against Defendant, FIELD TEAM 6, and alleges based on personal knowledge and information, and belief, as follows:

### Preliminary Statement

**1.**  As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

**2.**  Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Field Team 6 Political Action Committee contacted the Plaintiff via automated text messaging regarding voter

1

registration, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq* (hereinafter referred to as the "TCPA").

3. Plaintiff never consented to receive any of these automated text messages.

## PARTIES

4. The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), an adult natural person and resident of Pennsylvania. He is a registered voter in Montgomery County, Pennsylvania.

5. Defendant FIELD TEAM 6 is a Political Action Committee registered with the U.S. Federal Election Commission ("FEC"), FEC Identification Number: C00695346. Its custodian of records and treasurer is Beverly Grossman Palmer, Strumwasser & Woocher LLP, 10940 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90024. Its designated agent is Fredric Woocher, Strumwasser & Woocher LLP, 10940 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90024.

## JURISDICTION & VENUE

6. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 556 U.S. 368, 372 (2012).

7. This Court has personal jurisdiction over the Defendant because they have repeatedly placed text messages to Pennsylvania residents and registered voters with Pennsylvania telephone area codes, and engage in political activities, including voter registration, in Pennsylvania.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant conducts business and/or political activities in, and a substantial part of the events giving rise to Plaintiff's claims occurred in Montgomery County, Pennsylvania, and Plaintiff was residing in

Pennsylvania and physically present for all text messages, in King of Prussia, Montgomery County, Pennsylvania. Defendant conducts business and/or political activities in this judicial district by sending automated text messages to Pennsylvania citizens and registered voters.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant conducts business and/or political activities in, and a substantial part of the events giving rise to Plaintiff's claims occurred in Montgomery County, Pennsylvania.

## Statutory Background
## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls to Protected Numbers

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

12. Congress singled out these services for special protection because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones). See Barr v. Am. Ass'n of Pol. Consultants, Inc, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

**14.** According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**15.** This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. See *Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

**16.** "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes any non-consensual calls made for non-emergency purposes, regardless of whether or not they are informational, political, telemarketing, telephone solicitations, or similar such calls. See FCC Enforcement Advisory: *Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

**17.** Political calls and text messages are not exempt from the ambit of the TCPA. See *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 378 (4th Cir. 2013) ("The [TCPA]'s plain language demonstrates that it applies to all prerecorded phone calls, including those with a political message."); see also *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335,

2343-44 (2020) (declining to invalidate the TCPA's prohibition on robocalls in its entirety and stating that "plaintiffs still may not make political robocalls to cell phones").

18. Importantly, this Court has already held that non-consensual, non-emergency calls placed using an ATDS or a prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that non-commercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and pre-recorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id*.

19. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

20. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

21. A text message is considered a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016).

## FACTUAL ALLEGATIONS:

22. Defendant Field Team 6 is a "person" as the term is defined by 47 U.S.C. § 153(39).

23. Field Team 6 is a "Super PAC".

24. It reported total receipts of $1,498,465.35 from January 1, 2019 to December 31, 2020. *See* https://www.fec.gov/data/committee/C00695346/?tab=raising&cycle=2020.

25. It reported total disbursements of $1,346,985.04 from January 1, 2019 to December 31, 2020. *See* https://www.fec.gov/data/committee/C00695346/?tab=spending&cycle=2020.

26. Field Team 6 is a pro-Democratic Party get-out-the-vote group that seeks to register as many Democratic voters as possible, including in Pennsylvania.

27. Field Team 6's slogan is "Register Democrats. Save the World." Their name is an apparent reference to SEAL Team Six, the elite Navy unit responsible for killing Osama Bin Laden.

28. Defendant's voter registration efforts involve the use of automated text messaging.

29. Plaintiff's personal cell phone number is 484-626-3942. All texts to Plaintiff described herein were to that number.

30. It has been assigned to Plaintiff since 2014.

31. Plaintiff is the number's owner and sole user.

32. Plaintiff registered his number with the National Do Not Call Registry in June of 2015.

33. As of October 11, 2020 he had never given his phone number or done business with Defendant.

34. Plaintiff has never donated money to Defendant.

35. Plaintiff was already a registered voter in Pennsylvania for years prior to 2020.

36. **Text 1:** On October 11, 2020 at 3:17 PM, Plaintiff received an automated text message from caller ID +1 (818) 369-1469 which read:

> "Hello Jacob, I'm Elizabeth, a volunteer with Field Team 6. We are on a mission to end COVID-19 with science by registering Democrats to vote. Can I help you do that in 2 minutes? Reply STOP to unsubscribe."

37. **Text 2:** On October 19, 2020 at 1:40 PM, Plaintiff received an automated text message from caller ID +1 (818) 369-1469, which read:

> "Hello Jacob, I'm Rob a volunteer with Field Team 6. We are on a mission to end COVID-19 with science by registering Democrats to vote. Pennsylvania's voter registration deadline is TODAY! Can I help you register in 2 minutes? Reply STOP to unsubscribe."

38. A screenshot of both text messages is shown below:



39. +1 (818) 369-1469 is a non-working telephone number that is not in service.

40. Plaintiff has never gone by the name "Jacob".

Defendant's Use of an ATDS

41. The text messages were sent using an Automatic Telephone Dialing System ("ATDS"). As the Supreme Court recently clarified, the key feature of an ATDS is the capacity to store numbers to be called using a random or sequential number generator or to produce numbers to be called using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).

42. The Third Circuit recently clarified that "Congress envisioned a broad understanding of 'equipment'" that constitutes an ATDS. It also clarified that the analysis of whether an ATDS was used in violation of the TCPA centers around "whether the defendant employ[s] [ATDS] capacities to make automated calls," *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 873, 878 (3d Cir. 2022). In so doing, it held that Congress intended to "ban all autodialed calls" because Congress "found autodialer technology to be uniquely harmful." *Id.* at 879 (cleaned up).

43. In enacting the ATDS prohibition, the Third Circuit cited favorably to Congressional understanding "that telemarketers could transform ordinary computers into autodialers through minor and inexpensive modifications," including by "relying on computerized databases containing telephone numbers during their dialing campaigns." Id. at 880 (cleaned up). The Third Circuit held that, in passing the TCPA's ATDS prohibition, Congress intended to remedy the problems caused by callers using computer software to dial numbers randomly or sequentially from a list or database. *See id*.

**44.** The system(s) Defendant used to place the texts to Plaintiff is/are an ATDS because it would be illogical/very difficult for Defendant's agents or volunteers to manually send text messages to the thousands or even millions of potential voters Defendant seeks to register.

**45.** Furthermore, the inclusion of "Reply STOP to Unsubscribe" in the text messages is a further indication that the messages sent by Defendant utilized an automatic telephone dialing system. It supports the inference that Defendant used an ATDS, such as one which "use[s] a random [or sequential] number generator to determine the order in which to pick phone numbers from a preproduced list." *Facebook*, 141 S. Ct. at 1171 n.7.

**46.** The text messages were sent *en masse* to many individuals in Pennsylvania and were pre-written and not personalized in nature. Plaintiff has never provided his consent to be called or texted to Defendant.

**47.** The text messages were not specifically targeted at the Plaintiff. If Defendant had done a modicum of research, they would have learned Plaintiff was already a registered voter in Pennsylvania since he turned 18.

**48.** As this Court has remarked, other courts have held, post-Facebook, that allegations similar to those as here of the absence of a relationship between the parties, and the random nature of the automation device (such as the ability to randomly generate caller ID numbers), are all indicia of use of a random or sequential dialing device that gives rise to the inference at the pleadings stage that an ATDS was used to make the calls. See *Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005, 2021 U.S. Dist. LEXIS 100125 at *11 (E.D. Pa. May 26, 2021).

**49.** No facts exist here to support the conclusion that Defendant was texting from a curated list of their past customers, donors, volunteers, or voters.

**50.** Indeed, Plaintiff has no affiliation or past relationship with Defendant of any kind.

51. Plaintiff is ignorant of the exact process by which the system(s) used by the Defendant operates other than drawing the reasonable inference and making the allegation that it stores or produces telephone numbers randomly or possibly sequentially based on the facts ascertainable from the texts he received, as outlined above. Indeed, as at least one district court explained, "The newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage." *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021); accord *Miles v. Medicredit, Inc.*, No. 4:20-cv01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021).

52. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

Defendant's Conduct Violates the TCPA

53. Defendant made the automated text messages. They either physically programmed the automatic dialer to text them or instructed others to do the same.

54. The automated text messages as alleged herein:

   a. invaded Plaintiff's privacy and solitude;

   b. interrupted Plaintiff;

   c. wasted Plaintiff's time;

   d. annoyed Plaintiff;

   e. harassed Plaintiff; and

   f. consumed the battery life of Plaintiff's cellular telephone.

55. Defendant did not have the Plaintiff's prior express written consent to send any of these text messages or make any automated telephone calls to Plaintiff.

56. Plaintiff pays for each incoming and outgoing call on his telephone under an

unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

**57.**    Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

**58.**    Defendant contacted Plaintiff even though Plaintiff's number is on the National Do Not Call Registry.

**59.**    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

**60.**    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

**61.**    Defendant knew, or should have known, that texting using an ATDS was prohibited under the TCPA, even for political or voter registration purposes, yet they did so regardless of the law.

**62.**    As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**63.**    For the counts identified below, Defendant is directly liable as the party that caused the unlawful texts to be placed.

<u>**Causes Of Action**</u>

**Count One:**
**Violations of the TCPA, 47 U.S.C. § 227(b)(1), by Automated Text Messaging Without Prior Express Written Consent**

**64.**    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65. Defendant and/or its affiliates or agents violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency automated text messages to Plaintiff's cellular telephone number using an ATDS without prior express written consent.

66. Plaintiff is entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

67. Plaintiff is also entitled to and does seek an injunction prohibiting Defendant and its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency telemarketing calls and/or text messages to any cellular telephone number using an ATDS without prior express written consent.

### Count Two:
### Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227(b)(1), by Automated Telemarketing Without Prior Express Written Consent

68. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

69. Defendant and/or its affiliates or agents knowingly and/or willfully violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency automated text messages to the Plaintiff's cellular telephone numbers of Plaintiff using an ATDS without prior express written consent.

70. Plaintiff is entitled to an award of $1,500 in damages for each such knowing and/or willful violation. 47 U.S.C. § 227(b)(3) (hanging paragraph).

### Relief Sought

For himself and all class members, Plaintiff requests the following relief::

A. Leave to amend this Complaint to conform to the evidence presented at trial;

B. A declaration that actions complained of herein violate the TCPA;

C. An order enjoining Defendant and its affiliates, agents and related entities from engaging in the unlawful conduct set forth herein;

D.      For awards of $500 for each negligent violation as set forth in Counts 1-2.

E.      For awards of $1,500 for each knowing and/or willful violation as set forth in Counts 1-2.

Total statutory damages: **$3,000.00** (Two (2) counts of: "Automated Text Message", with treble damages for each.)

F.      Prejudgment interest at the maximum legal rate;

G.      Costs of suit herein incurred; and

H.      All such other and further relief as the Court deems necessary, just, and proper.

## I.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: November 5, 2022

         */s/ James Everett Shelton*
         James Everett Shelton
         *Plaintiff, Pro Se*
         316 Covered Bridge Road
         King of Prussia, PA 19406
         Phone: 484-626-3942
         Jeshelton595@gmail.com

## **VERIFICATION**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: November 5, 2022                                             */s/ James Everett Shelton*
                                                                     JAMES EVERETT SHELTON

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES EVERETT SHELTON

### DEFENDANTS
FIELD TEAM 6

**(b)** County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **LOS ANGELES**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James Everett Shelton, Plaintiff Pro Se, 316 Covered Bridge Road, King of Prussia, PA 19406, 484-626-3942

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | [x] 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227 et. seq.
Brief description of cause:
Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 3,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/5/2022
SIGNATURE OF ATTORNEY OF RECORD: *James E. Shelton*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _316 Covered Bridge Road, King of Prussia, PA 19406_

Address of Defendant: _10940 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90024._

Place of Accident, Incident or Transaction: _By text message to Plaintiff's phone in King of Prussia, Pennsylvania_

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/05/2022_   _/s/ James E. Shelton_ (Must sign here)   Pro Se
                     *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
     *(Please specify):* _TCPA, 47 U.S.C. 227_

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _James Everett Shelton_, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: _11/05/2022_   _/s/ James E. Shelton_ (Sign here if applicable)   Pro Se
                     *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| v. | : | |
| FIELD TEAM 6 | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 11/5/2022 | *James E. Shelton* Pro Se | Pro Se |
| **Date** | ~~Attorney-at-law~~ Pro Se | **Attorney for** |
| 484-626-3942 | | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02